INTERNATIONAL UNION, UNITED PLANT GUARD WORKERS
OF AMERICA v DEPARTMENT OF STATE POLICE

Docket No. 57332. Submitted April 6, 1982, at Lansing.—Decided July
20, 1982. Leave to appeal applied for.

The International Union, United Plant Guard Workers of Amer-
ica (UPGWA) requested disclosure, pursuant to the Michigan
Freedom of Information Act, of quarterly reports filed with the
Department of State Police by three private security guard
agencies. The reports contain the names and home addresses of
the employees of each of the agencies. UPGWA stated that the
information was requested so that it could disseminate informa-
tion concerning the union to the employees of one agency and
to facilitate enforcement of the collective-bargaining agree-
ments with the other two agencies. The department denied
UPGWA's request on the ground that the materials sought
were exempt from disclosure under the act because the disclo-
sure would constitute a clearly unwarranted invasion of the
employees' privacy. UPGWA filed suit against the department
in Macomb Circuit Court seeking a court order that the re-
quested information be released. The court, Frank E. Jean-
nette, J., granted summary judgment in favor of plaintiff and
ordered that the information be released. Defendant appeals.
*Held:*

1. The trial court correctly ordered disclosure of the quar-
terly reports. The department failed to meet its burden of
showing that disclosure of the requested records would consti-
tute a clearly unwarranted invasion of privacy.

2. The trial court's order is modified to forbid further disclo-
sure by UPGWA of the information in the records released.

Affirmed as modified.

1. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — NONDIS-
CLOSURE OF INFORMATION.

A government agency bears a "heavy" burden of justifying non-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 66 Am Jur 2d, Records and Recording Laws §§ 32, 36.
[3] [No reference]

disclosure of information requested pursuant to the Freedom of Information Act (MCL 15.231 *et seq.;* MSA 4.1801[1] *et seq.).*

2. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — NONDISCLOSURE OF INFORMATION.

The balancing test used to determine whether nondisclosure of information by a government agency is justifiable under the provision of the Freedom of Information Act which exempts disclosure of information of a personal nature where the disclosure would constitute a clearly unwarranted invasion of an individual's privacy requires consideration of a public purpose of the party requesting the information, the possibility that the purpose could be accomplished without disclosure, the scope of the request, and the availability of alternative sources for obtaining the information; these factors must be weighed against the gravity of the alleged invasion of privacy (MCL 15.243[1][a]; MSA 4.1801[13][1][a]).

3. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT.

The Michigan Freedom of Information Act was enacted to provide the public with sufficient information to make intelligent choices with respect to the nature and scope of governmental activities through the electoral process.

*Gregory, Van Lopik, Moore & Jeakle* (by *Mark L. Heinen),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *John Wernet,* Assistant Attorney General, for defendant.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

PER CURIAM. Defendant appeals by right from an order by the circuit court granting plaintiff's motion for summary judgment.

The pertinent facts in this case are not in dispute. On May 15, 1980, plaintiff requested disclosure, pursuant to the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.;* MSA

* Circuit judge, sitting on the Court of Appeals by assignment.

4.1801(1) *et seq.,* of quarterly reports filed with the defendant Department of State Police (department) by three private security guard agencies. These quarterly reports contain complete lists of each agency's employees' names and home addresses. With regard to the Defoe agency, whose employees plaintiff seeks to organize, the union stated that the requisite public purpose for the request was to "facilitate the dissemination to Defoe employees of information concerning the union". Plaintiff's request for the quarterly reports filed by Consolidated Security Services and Crown Security Service (whose employees are presently represented by plaintiff) was motivated by a desire to facilitate enforcement of the collective-bargaining agreements with the two agencies.

The department denied plaintiff's requests on May 29, 1980, asserting that the materials plaintiff sought were exempt pursuant to § 13(1)(a) of the FOIA, because such a disclosure would allegedly constitute a clearly unwarranted invasion of the employees' privacy.

Plaintiff thereupon instituted this action seeking the disclosure of the quarterly reports. The circuit court granted the requested relief, and the department appeals. We affirm.

The sole issue on appeal is whether the release by the department of lists containing the names and home addresses of individuals employed by private security guard agencies to a union for collective-bargaining purposes would constitute a clearly unwarranted invasion of the employees' privacy, thus rendering those lists exempt from disclosure under § 13(1)(a) of the FOIA.

Section 13(1)(a) provides:

"A public body may exempt from disclosure as a public record under this act:

"(a) Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy."

Defendant has the burden of justifying nondisclosure of the requested records. MCL 15.240(1); MSA 4.1801(10)(1). According to *Penokie v Michigan Technological University,* 93 Mich App 650, 663; 287 NW2d 304 (1979), the burden is a "heavy" one. It is the duty of this Court to determine whether the department has met its burden.

In *Penokie, supra,* 659, this Court set forth a balancing test to be employed in determining whether nondisclosure is justifiable under § 13(1)(a):

"Determination as to whether an invasion of privacy is 'clearly unwarranted' requires consideration of a public purpose of the party requesting the information, the possibility that the purpose could be accomplished without disclosure, the scope of the request and the availability of alternative sources for obtaining the information."

The above factors must be weighed against the gravity of the alleged invasion of privacy.

We first must determine whether disclosure of the names and addresses of the security guards would constitute an invasion of privacy and, if so, we must assess the seriousness of the intrusion. Disclosure of this information will presumably result in oral or written communication between plaintiff and the security guards. We are aware that some people find the mere delivery of so-called "junk mail" offensive and an invasion of privacy. In fact, a panel of this Court has declared

that any disclosure of names and addresses amounts to a per se invasion of privacy.[1]

We believe that a determination of the degree of intrusion occasioned by a disclosure of names and addresses requires an assessment of the probable nature of future communication between the parties. For example, if a law firm were to request a list of names and addresses for the purpose of ascertaining the identity of various individuals entitled to a share of a substantial recovery in a class action suit, it would be quite difficult to describe subsequent contact with those individuals as an invasion of privacy. On the other hand, where disclosure of names and addresses is likely to result in hate mail, cross-burnings, and lynch mobs, it is very easy to conclude that such disclosure amounts to an invasion of privacy.

Turning to the case at bar, we must concede the possible existence of a very slight invasion of privacy. It is certainly possible that some individuals find the concept of union representation so repugnant that solicitation for union membership would constitute an invasion of privacy. We must weigh this relatively insubstantial invasion of privacy against the factors enumerated in *Penokie, supra.*

Plaintiff's purpose in seeking disclosure is, we admit, only marginally "public". The core of the Legislature's purpose in enacting the FOIA may be found in MCL 15.231(2); MSA 4.1801(1)(2):

"It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be

---

[1] *Kestenbaum v Michigan State University,* 97 Mich App 5, 17; 294 NW2d 228 (1980).

informed so that they may fully participate in the democratic process."

The federal Freedom of Information Act, 5 USC 552, was enacted for the same purpose: to provide the public with sufficient information to make intelligent choices with respect to the nature and scope of governmental activities through the electoral process. *Renegotiation Bd v Bannercraft Clothing Co, Inc,* 415 US 1, 17; 94 S Ct 1028; 39 L Ed 2d 123, 136 (1974).

Federal courts which have enforced disclosure have generally been careful to specifically find that such disclosures are sought for the purpose of scrutinizing governmental operations. See, *e.g., Public Citizen Health Research Group v Dep't of Health, Education & Welfare,* 477 F Supp 595 (D DC, 1979), *Disabled Officer's Ass'n v Rumsfeld,* 428 F Supp 454 (D DC, 1977). However, we agree with the *Penokie* Court that the crucial inquiry is whether the information is sought for a "public purpose" and, moreover, we believe that plaintiff's purpose—facilitation of organization activities—is sufficiently related to the general welfare to merit classification as a public purpose.

In addition, we find that plaintiff would have considerable difficulty accomplishing its purpose without disclosure, and that the scope of plaintiff's request is not unreasonable.

We have also concluded that plaintiff has no viable alternative source for this information. Indeed, this is presumably one reason why plaintiff is willing to bear the risk and expense of litigating the issues now before this Court.

Under the foregoing analysis, we have little difficulty concluding that the department has failed to meet its burden of showing that disclo-

sure of the requested records would constitute a *clearly unwarranted* invasion of privacy. Hence, the trial court correctly ordered disclosure of the records.

We share the department's concern over its inability to prevent further disclosure of the requested information. Although there is absolutely no reason to believe that further disclosure will actually occur, we feel that the interests of the parties will be more equitably accommodated by modification of the trial court's order to forbid further disclosure. Accordingly, we so modify it.

Affirmed as modified. Plaintiff may tax costs.