MICHIGAN STATE EMPLOYEES ASSOCIATION v DEPARTMENT OF MANAGEMENT & BUDGET

MICHIGAN ASSOCIATION OF GOVERNMENTAL EMPLOYEES v DEPARTMENT OF MANAGEMENT & BUDGET

Docket Nos. 72112, 72113, 72179. Submitted April 5, 1984, at Lansing. —Decided June 5, 1984. Leave to appeal applied for.

Plaintiff Michigan State Employees Association (MSEA) requested in the Ingham Circuit Court the disclosure by defendant, Michigan Department of Management & Budget, pursuant to the Freedom of Information Act (FOIA), of the names and home addresses of all employees in the Institutional and Business and Administrative Bargaining Units of the State Civil Service. In Docket Nos. 72112 and 72113 the circuit court, Jack W. Warren, J., granted plaintiff a summary judgment and entered an order to that effect. In Docket No. 72179, a virtually identical action was brought against the defendant in the Ingham Circuit Court by plaintiff Michigan Association of Governmental Employees (MAGE) seeking the names and home addresses of all employees classified as excluded employees under the civil service employee-relations policy. The trial court, James R. Giddins, J., granted plaintiff a summary judgment and entered an order to that effect. Defendant appealed. The cases were consolidated on appeal. *Held:*

The employees' home addresses do not fall under the privacy exemption of § 13(1)(a) of the FOIA. The trial courts properly required the disclosure of the names and addresses requested.

Affirmed.

PRIVACY — FREEDOM OF INFORMATION ACT — PUBLIC BODIES — EMPLOYEES OF PUBLIC BODIES — NAMES AND ADDRESSES.

The Freedom of Information Act's privacy provision does not prohibit the disclosure by a public body of public records consisting of the names and home addresses of employees of the

---

REFERENCES FOR POINTS IN HEADNOTES

66 Am Jur 2d, Records and Recording Laws § 12 *et seq.*

What constitutes personal matters exempt from disclosure by invasion of privacy exemption under state freedom of information act. 26 ALR4th 666.

public body; such disclosure does not infringe upon the employees' right of privacy (MCL 15.243[1][a]; MSA 4.1801[13][1][a]).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Michael E. Cavanaugh),* for Michigan State Employees Association.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *Maurice E. Schoenberger* and *James A. Ault),* for Michigan Association of Governmental Employees.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *John Wernet,* Assistant Attorney General, for defendant.

Before: Danhof, C.J., and R. B. Burns and Gribbs, JJ.

Per Curiam. These cases were consolidated for appeal from final orders entered in Ingham County Circuit Court in separate, but virtually identical, actions brought against the Michigan Department of Management & Budget under the Freedom of Information Act (FOIA), 1976 PA 442; MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* In Nos. 72112 and 72113, the Michigan State Employees Association (MSEA) sought under the FOIA the names and addresses of all employees in the Institutional and Business and Administrative Bargaining Units of the State Civil Service. In No. 72179, the Michigan Association of Governmental Employees (MAGE) sought under the FOIA the names and addresses of all employees classified as excluded employees under the civil service employee-relations policy. In each case, summary judgment was granted to the plaintiff and defendant has appealed. We affirm.

In all three cases the defendant had offered to provide a list of the names and work-station ad-

dresses for the employees. Plaintiffs rejected this offer and requested the employees' home addresses.

However, on appeal the defendant has stated that the sole issue is whether the privacy exemption of FOIA, § 13(1)(a), permits defendant to exempt a list of employees' names and home addresses from disclosure to a union or employee organization seeking such list to assist it in an organizational drive.

The FOIA applies to all public records and separates them into two classes: (i) those which are exempt from mandatory disclosure under § 13, and (ii) all others which must be disclosed. MCL 15.232(c); MSA 4.1801(2)(c). In the trial court the parties agreed that the requested lists of home addresses are public records, that defendant is a public body and that plaintiffs followed proper procedures in requesting disclosure of such information under the FOIA. The parties also agree that § 13(1)(a) provides that:

"A public body may exempt from disclosure as a public record under this Act:
"(a) Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy."

The § 13 exemptions are not an absolute bar to disclosure. The first sentence of § 13(1) states that a public body *may* exempt from disclosure public records falling under one of the listed exemptions. Thus, the public body has discretion to disclose public records exempt under § 13.

The parties agree that the sole issue of the case is simply whether the employees' home addresses fall under the privacy exemption of § 13(1)(a).

This issue has been decided in *Tobin v Civil Service Comm,* 416 Mich 661; 331 NW2d 184 (1982), *International Union, United Plant Guard Workers of America v Dep't of State Police,* 118 Mich App 292; 324 NW2d 611 (1982), and *Penokie v Michigan Technological University,* 93 Mich App 650; 287 NW2d 304 (1979). The three cases all required the employer to disclose the names and addresses of its employees.

Affirmed.