RESIDENTIAL RATEPAYER CONSORTIUM v PUBLIC SERVICE
COMMISSION # 2

Docket No. 88887. Submitted December 3, 1986, at Lansing. Decided
December 1, 1987.

> Plaintiff, Residential Ratepayer Consortium, requested from de-
> fendant Michigan Public Service Commission, under the Free-
> dom of Information Act, copies of The Detroit Edison Compa-
> ny's coal purchase contracts then in the commission's posses-
> sion. The commission returned the contracts to Edison, claim-
> ing the contracts to be confidential, and denied plaintiff's
> request. Plaintiff then brought an action against defendant in
> the Ingham Circuit Court seeking production of the contracts,
> costs, attorney fees and punitive damages. Defendant claimed
> the contracts were exempt from disclosure. The Detroit Edison
> Company was allowed to intervene as a party defendant. Plain-
> tiff moved for summary disposition and the commission and
> Edison sought a declaratory judgment that the coal contracts
> were exempt from disclosure. The trial court, Thomas L.
> Brown, J., ruled that the contracts were exempt from disclo-
> sure but nevertheless ordered their disclosure to plaintiff under
> a protective order. Plaintiff appealed.

> The Court of Appeals *held:*

> 1. There was no need for an evidentiary hearing or trial to
> determine facts. Both sides agree that there was no issue as to
> any material fact.

> 2. Defenses not raised by the commission at the time it
> denied the request for disclosure of the contracts were not
> waived in the circuit court.

> 3. The limitations placed on the use of the contracts by the
> trial court were proper.

> Affirmed.

1. JUDGMENTS — SUMMARY DISPOSITION.

    A court shall render summary disposition without delay where

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 1-30.
Am Jur 2d, Summary Judgment §§ 15, 32.
What are "records" of agency which must be made available under
state freedom of information act. 27 ALR4th 680

the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact (MCR 2.116[I]).

2. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — DEFENSES — WAIVER.

An administrative agency does not waive defenses in a circuit court action seeking the disclosure of information under the Freedom of Information Act by failing to raise the defenses at the administrative level when disclosure of the information was sought (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

3. ADMINISTRATIVE LAW — FREEDOM OF INFORMATION ACT — LIMITED DISCLOSURE.

A trial court may place restrictions on the use of documents ordered disclosed under the provisions of the Freedom of Information Act (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

*Judy Martin* and *David L. Shaltz,* for Residential Ratepayer Consortium.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Elizabeth R. Schwartz,* Assistant Attorneys General, for the Michigan Public Service Commission.

*Solomon Bienenfeld* and *Thomas A. Hughes,* for The Detroit Edison Company.

Before: BEASLEY, P.J., and R. B. BURNS and G. D. LOSTRACCO,* JJ.

PER CURIAM. Plaintiff appeals as of right from a protective order entered in a Freedom of Information Act proceeding, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* We affirm the order of the circuit court.

The facts of this case are not in dispute. On February 28, 1985, plaintiff requested from the Public Service Commission, under the FOIA, copies of the Detroit Edison Company's coal purchase

---

* Circuit judge, sitting on the Court of Appeals by assignment.

contracts then in the commission's possession. The commission received the request on March 4, 1985, but on March 7, 1985, returned the coal purchase contracts to Detroit Edison. The commission explained that the contracts "were returned to the Detroit Edison Company, pursuant to the direction of the MPSC Chief of Staff, due to his understanding that the documents were confidential." On March 18, 1985, the commission denied plaintiff's FOIA request stating that the Detroit Edison coal purchase contracts were not in its possession.

On March 18, 1985, plaintiff submitted a second FOIA request concerning the commission's return of the contracts to Detroit Edison. On March 25, 1985, the commission responded to that request with a receipt signed by a Detroit Edison official, stating, "I have accepted the return of fuel supply contracts and associated documents from the Michigan Public Service Commission staff on behalf of Detroit Edison Company."

On April 3, 1985, plaintiff commenced this action in Ingham Circuit Court pursuant to the FOIA. The complaint sought production of the coal contracts, costs, attorney fees and punitive damages. The commission answered, raising a number of affirmative defenses and seeking a declaratory judgment that the coal contracts were exempt from disclosure under § 13(1)(g) of the FOIA and under § 2(1) of the standards of conduct and ethics act, MCL 15.342(1); MSA 4.1700(72)(1).

Plaintiff then moved for summary disposition pursuant to MCR 2.116 on the grounds that defendant had failed to state a valid defense to the alleged violation of the FOIA, that defendant's request for declaratory judgment failed to state a claim upon which relief could be granted and that there was no genuine issue as to any material fact and plaintiff was entitled to judgment as a matter

of law. Defendant answered, agreeing that there was no genuine issue as to any material fact but asserting that it was defendant who was entitled to judgment as a matter of law. Detroit Edison was allowed to intervene as a party defendant and it too sought a declaration that the coal contracts were exempt from disclosure under the FOIA. The commission's answers to plaintiff's motion for summary disposition and its motion for declaratory judgment and supporting brief were supported by affidavits and other exhibits tending to show that it procured coal contracts from Michigan's major utilities "to investigate for regulatory purposes the fuel acquisition practices of Michigan utilities." The affidavits and other exhibits showed that the commission obtained the documents under promises of confidentiality to the utilities, promises repeated in subsequent years as Edison and the other utilities supplied current fuel contract information to the commission.

Following oral arguments, but without an evidentiary hearing or trial, the circuit court ruled that the coal contracts were exempt from disclosure under the FOIA, but nevertheless ordered their disclosure to plaintiff under a protective order.

Plaintiff raises three issues on appeal. The first is whether the trial court erred by making findings on contested material facts without an evidentiary record. We find that no error occurred.

Plaintiff's motion for summary disposition invoked MCR 2.116 generally and alleged without qualification that "except as to the amount of damages, there is no genuine issue as to any material fact, and plaintiff is entitled to judgment as a matter of law." Moreover, plaintiff's motion for summary disposition on that ground was not supported by any documentary evidence as re-

quired by MCR 2.116(G). Similarly, subrule 2.116(G)(4) provides that "[a] motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact." Plaintiff's motion failed to do that.

The commission's answer to the motion was supported by affidavits and other documents as required by the subrule. The commission agreed with plaintiff's assertion that there was no genuine issue as to any material fact. In light of that, the court properly proceeded to decide the motion based on what was before it.

> (1) If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay.
>
> (2) If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party. [MCR 2.116(I).]

Given that both sides of the dispute agree that there was no issue as to any material fact, there was no need for an evidentiary hearing or trial to determine facts which were undisputed.

Plaintiff next alleges that the trial court erred by failing to hold inadmissible the defenses raised by the commission. We disagree.

Plaintiff contends that defenses not raised by the commission at the time it denied the request for disclosure of information were waived in the circuit court. Although there are no cases directly on point, the inferences from the act and decided cases are that there is no waiver of defenses. Under § 5(2)(b) of the act, if an agency does not grant a request for disclosure, it is required to

issue "a written notice to the requesting person denying the request." Under § 5(4), the written notice shall include the reason for denial. In this case, the commission initially stated that the request was denied because the documents were no longer in its possession, but, on later inquiry by plaintiff, explained that the documents were returned because they had been received by the commission under a promise of confidentiality. A disappointed requester may sue in circuit court under § 10 of the act. In that proceeding, the court determines whether or not the public records are exempt from disclosure. The court makes that determination de novo and the burden is on the agency to sustain the denial. MCL 15.240; MSA 4.1801(10). The provision for de novo review in circuit court suggests that the agency does not waive defenses by failing to raise them at the administrative level.

The same conclusion can be drawn from the fact that a defendant's failure to respond to a FOIA request is considered a denial. *Pennington v Washtenaw Co Sheriff*, 125 Mich App 556, 564; 336 NW2d 828 (1983); *Capitol Information Ass'n v Ann Arbor Police Dep't*, 138 Mich App 655, 658; 360 NW2d 262 (1984). If a government agency fails to respond to a request or denies it without reason, but can raise a defense in a circuit court action, it would be illogical to hold that an agency that gives some reason for the denial is barred from raising other defenses in the circuit court action.

Next, plaintiff argues that defendant should be barred from raising new defenses in circuit court as a penalty for its outrageous disregard of the act by returning the documents to Detroit Edison as soon as it received the request for disclosure. This claim is not meritorious because waiver of defenses is not provided for by the act; the act gives

more specific remedies for violation. Under § 5(3) of the act, the court can award damages for an agency's refusal to respond or to disclose records it should have disclosed. Similarly, § 10(5) of the act also provides for punitive damages when an agency arbitrarily or capriciously violates the act.

Also related to this issue, plaintiff argues that none of defendant's other claimed defenses are available. Among the other defenses the commission raised were that it was barred from disclosing the documents under the ethics act, its good faith, its liability for damages for unlawful disclosure, and the fact that disclosure was barred by a previously entered protective order. However, since the circuit court did not base its ruling on any of these defenses, we see no need to address them. We confine our decision on appeal to the grounds relied on by the trial court.

Plaintiff's last issue on appeal is that the circuit court unlawfully placed limitations on the use of the public records released to it. We disagree. We find it somewhat ironic for plaintiff to complain that the circuit court put restrictions on its use of the coal contracts when the circuit court could have wholly prohibited their disclosure as exempt records under § 13(1)(g) of the act.

Restrictions on the use of disclosed documents is a common practice. For example, in *International Union, United Plant Guard Workers of America v Dep't of State Police,* 118 Mich App 292; 324 NW2d 611 (1982), a panel of this Court modified a disclosure order by forbidding further disclosure of the documents to third parties. 118 Mich App 298. On appeal, the Michigan Supreme Court declined to review the propriety of that restriction. *International Union, United Plant Guard Workers of America v Dep't of State Police,* 422 Mich 432, 454, n 43; 373 NW2d 713 (1985). Similarly, in

*International Business Machines Corp v Dep't of Treasury,* 71 Mich App 526; 248 NW2d 605 (1976), documents were ordered disclosed under the discovery provisions of the Administrative Procedures Act, the forerunner of the FOIA, however, the trial court required that identifying details be deleted first. On remand, this Court ordered the circuit court to examine the matter in camera and "delete such identifying details as are necessary to prevent an unwarranted invasion of privacy as well as statements of the hearing officer which reflect the Revenue Division's general policy discussions." 71 Mich App 539. See also *Kestenbaum v Michigan State University,* 97 Mich App 5; 294 NW2d 228 (1980), aff'd by an equally divided Court 414 Mich 510; 327 NW2d 783 (1982). Thus, we find no error in the restrictions placed by the trial court on the use of the disclosed documents.

Affirmed.