*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN OPEN CARRY, INC.,

      Plaintiff-Appellant,

v

DEPARTMENT OF STATE POLICE,

      Defendant-Appellee.

FOR PUBLICATION
December 17, 2019
9:00 a.m.

No. 348487
Court of Claims
LC No. 18-000087-MZ

Before: SWARTZLE, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

In this action brought pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff Michigan Open Carry, Inc. (MOCI), appeals by right the opinion and order of the Court of Claims denying MOCI's motion for partial summary disposition under MCR 2.116(C)(10) and granting summary disposition in favor of defendant Department of State Police (the Department) under MCR 2.116(I)(2). We affirm.

## I. PERTINENT FACTS

In October 2017, MOCI submitted a FOIA request to the Department seeking "[r]ecords created by and/or maintained by the Michigan Department of State Police from peace officers and authorized system users compiled pursuant to MCL 28.421b(2)(f)[1] and MCL 28.425e(4)[2]

---

[1] MCL 28.421b(2) provides that firearm records may be accessed and disclosed only for certain enumerated purposes, including if

> [a] peace officer or an authorized user has reason to believe that access to the firearms records is necessary within the commission of his or her lawful duties. The peace officer or authorized system user shall enter and record the specific reason in the system in accordance with the procedures in section 5e. [MCL 28.421b(2)(f).]

between October 1st, 2016 and September 30th, 2017." MOCI further clarified that it was seeking the "non-confidential separate public records associated with official acts of public officials and public employees in accessing said confidential records in compliance with their statutory duties."

Following a 10-day extension, the Department responded with a series of numbers and directed MOCI to visit the online website containing the Department's Concealed Pistol Licenses Reports for further elaboration. In response, MOCI filed an administrative, interagency appeal, alleging that the information provided was not responsive to the submitted request and stating that no justification for what essentially amounted to a denial had been given. Thereafter, a FOIA Appeals Officer for the Department issued a letter indicating that the request had not been denied and that the information provided was a summary of the information that was in the Department's possession.

In May 2018, MOCI filed a complaint in the Court of Claims challenging the appellate decision made by the Department on MOCI's FOIA request. Count I of the complaint alleged that the Department violated the FOIA because MOCI's interagency appeal was not decided by "the head of the public body" and the FOIA does not permit the delegation of appellate decision-making. Count II of the complaint alleged that the Department wrongfully denied the FOIA request and acted arbitrarily and capriciously by failing to disclose records that were responsive to MOCI's FOIA request. Count III of the complaint, which was pleaded as an alternative to Count II, alleged that the Department violated the FOIA by failing to disclose that the information requested did not exist.

The Department denied any violations of the FOIA and indicated that if the information provided by the Department was not the information sought by MOCI, then MOCI had failed to sufficiently describe the requested information. The Department further asserted that the information MOCI requested, as described in the complaint, was exempt from disclosure under MCL 15.243; however, the Department did not raise the existence of an alleged exemption to disclosure during the administrative appeal.

---

[2] MCL 28.425e(4) provides:

Information in the [computerized database of individuals who apply for a license to carry a concealed pistol] shall only be accessed and disclosed according to an access protocol that includes the following requirements:

(a) That the requestor of the firearms records uses the law enforcement information network [LEIN] or another system that maintains a record of the requestor's identity, time, and date that the request was made.

(b) Requires the requestor in an intentional query by name of the firearms records to attest that the firearms records were sought under 1 of the lawful purposes provided in section 1b(2).

Following discovery, MOCI moved for partial summary disposition under MCR 2.116(C)(10). The Department responded and requested that summary disposition be instead granted in its favor under MCR 2.116(I)(2). In a written opinion, the Court of Claims denied MOCI's motion for summary disposition and granted summary disposition in favor of the Department. More specifically, in regard to Count I, the Court of Claims concluded that the head of the public body did not need to personally issue the interagency appellate decision because "another employee drafted a [decision] in which, by all accounts, the Director of the Department of State Police acquiesced." Further, the Court of Claims noted that MOCI, by filing a complaint, had already exercised the remedy allowed by statute when the head of the public body failed to respond to an appeal.

Additionally, the Court of Claims found that MOCI's description of the information sought in the FOIA request was sufficiently or adequately described and that the Department had misconstrued the request. The Court of Claims determined, however, that the information sought was exempt from disclosure under MCL 15.243(1)(d) because the only way to access the stored records revealing the sought-after information is through the LEIN or a similar system. Consequently, MCL 28.214(5) and MCL 28.425e(4) prohibited the disclosure of the requested information. The Court of Claims ruled that the disclosure exemption was supported by *King v Mich State Police Dep't*, 303 Mich App 162; 841 NW2d 914 (2013). This appeal ensued.

## II. REQUIREMENT THAT THE HEAD OF THE PUBLIC BODY ISSUE DECISIONS ON APPEALS

MOCI first argues on appeal that the Court of Claims erred by concluding that the Department had not violated the FOIA when it allowed someone other than Colonel Kriste Kibbey Etue, the director and head of the public body, to address and respond to its interagency FOIA appeal. MOCI contends, as it did in the Court of Claims, that the Legislature's use of the word "shall" requires that the duty of responding to an administrative appeal belongs solely to the head of the public body. MOCI further maintains that there is no language in the FOIA authorizing the head of a public body to delegate his or her duty to issue written decisions on an appeal.

This Court reviews de novo whether the trial court properly interpreted and applied the FOIA. See *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015). We review for clear error the trial court's factual findings underlying its application of the FOIA. *King*, 303 Mich App at 174. A finding is clearly erroneous if, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake was made. *Id.* at 174-175. In *Wayne Co v AFSME Local 3317*, 325 Mich App 614, 633-634; 928 NW2d 709 (2018), this Court recited the core principles of statutory construction:

> The primary task in construing a statute is to discern and give effect to the Legislature's intent, and in doing so, we start with an examination of the language of the statute, which constitutes the most reliable evidence of legislative intent. When the language of a statutory provision is unambiguous, we must conclude that the Legislature intended the meaning that was clearly expressed, requiring enforcement of the statute as written, without any additional judicial construction. Only when an ambiguity in a statute exists may a court go

-3-

beyond the statute's words to ascertain legislative intent. We must give effect to every word, phrase, and clause in a statute, avoiding a construction that would render any part of the statute nugatory or surplusage. [Citations omitted.]

MCL 15.240(1)(a) directs those wishing to appeal a denial of a FOIA request to "[s]ubmit to the head of the public body a written appeal that specifically states the word 'appeal' and identifies the reason or reasons for reversal of the denial." MCL 15.240(2) sets forth the next step in the process:

Within 10 business days after receiving a written appeal pursuant to subsection (1)(a), the head of a public body shall do 1 of the following:

(a) Reverse the disclosure denial.

(b) Issue a written notice to the requesting person upholding the disclosure denial.

(c) Reverse the disclosure denial in part and issue a written notice to the requesting person upholding the disclosure denial in part.

(d) Under unusual circumstances, issue a notice extending for not more than 10 business days the period during which the head of the public body shall respond to the written appeal. The head of a public body shall not issue more than 1 notice of extension for a particular written appeal.

"[I]f the head of the public body upholds all or a portion of the disclosure denial that is the subject of the written appeal, the requesting person may seek judicial review of the nondisclosure by commencing a civil action[.]" MCL 15.240(3).

In response to MOCI's interagency appeal, Lori M. Hinkley, a FOIA Appeals Officer, issued a formal written notice or opinion on Department letterhead that listed Colonel Kibbey Etue at the top of the notice. At the time of MOCI's written appeal and the decision, Hinkley was not the head of the Department; Colonel Kibbey Etue was the director and head of the Department. Again, MCL 15.240(1) and (2) provide that the "head of a public body," upon receipt of a written appeal, "shall" reverse a disclosure denial, issue a notice upholding a disclosure denial, reverse in part and uphold in part a disclosure denial, or issue a notice extending the time for the head of the public body to respond. We reject MOCI's appellate argument that Colonel Kibbey Etue had to personally address and decide MOCI's appeal. Nothing in the plain language of MCL 15.240 prohibits the head of a public body from employing personnel to act on behalf and under the authority of the head of the public body. An agent is an individual who has express or implied authority to represent or act on behalf of another person known as the principal. *Wigfall v Detroit*, __ Mich __, __; __ NW2d __ (2019); sip op at 8-9 n 16. There is no indication in the record that Hinkley lacked the authority to act on behalf of Colonel Kibbey Etue and the Department in responding to and deciding MOCI's interagency appeal.

Moreover, MCL 15.233(3) provides that "[a] public body may make reasonable rules necessary to protect its public records and to prevent excessive and unreasonable interference

-4-

with the discharge of its functions." According to the Department, it receives approximately 20,000 record requests a year, 80 percent of which are submitted under the FOIA. Colonel Kibbey Etue could not discharge her functions as director of the Department if she had to personally address, respond to, and decide FOIA denial appeals; requiring her to do so would amount to excessive interference with the discharge of her functions. Thus, MCL 15.233(3) supports use of Department agents such as Hinkley to act on behalf of the head of the Department, Colonel Kibbey Etue.

## III. ABILITY TO RAISE NEW EXEMPTIONS IN COURT OF CLAIMS

MOCI argues for the first time on appeal that the Department waived its right to assert an exemption to the FOIA request in the Court of Claims by failing to claim an exemption as part of its final decision on MOCI's appeal within the Department. Additionally, MOCI argues that the legal precedent allowing consideration of newly raised defenses and exemptions should be overturned. We disagree.

In *Residential Ratepayer Consortium v Pub Serv Comm #2*, 168 Mich App 476, 481; 425 NW2d 98 (1987), this Court concluded that the FOIA's "provision for de novo review in circuit court suggests that the [public body] does not waive defenses by failing to raise them at the administrative level." This proposition was later applied in *Stone St Capital, Inc v Bureau of State Lottery*, 263 Mich App 683, 688 n 2; 689 NW2d 541 (2004). Further, in *Bitterman v Village of Oakley*, 309 Mich App 53, 60; 868 NW2d 642 (2015), the FOIA requester argued that a public body should be "estopped from raising any new defenses in support of its decision to deny her FOIA requests after it made its 'final determination to deny the request[.]' " This Court determined, however, that the argument was "without merit" because the "exact issue" had already been addressed in *Stone St Capital* when this Court reaffirmed that a public body can assert defenses in the circuit court despite their not being raised at the administrative level. *Id.* at 61.

An opinion of the Court of Appeals issued on or after November 1, 1990, is binding precedent with respect to all future panels until it is reversed or modified (1) by a special panel of the Court of Appeals or (2) by the Michigan Supreme Court. MCR 7.215(J)(1). Because neither of these triggering events has occurred, *Bitterman* and *Stone St* remain binding precedent that a public body may assert defenses or exemptions for the first time in the circuit court or Court of Claims. We decline to request the convening of a special panel to create a conflict with the existing binding precedent.

## III. APPLICABILITY OF FOIA EXEMPTION UNDER MCL 15.243(1)(D)

MOCI argues that the Court of Claims erred by ruling that the information sought by MOCI was exempt from disclosure. We disagree. This Court reviews de novo whether a public record is exempt from disclosure under the FOIA. *King*, 303 Mich App at 174. The lower court's factual findings associated with its FOIA decision are reviewed for clear error. *Id*.

"The Legislature codified the FOIA to facilitate disclosure to the public of public records held by public bodies." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006). To that end, the FOIA must be broadly interpreted to allow public access

to the records held by public bodies. See *Practical Political Consulting, Inc v Secretary of State*, 287 Mich App 434, 465; 789 NW2d 178 (2010). Relatedly, the statutory exemptions must be narrowly construed to serve the policy of open access to public records. See *Herald Co v Bay City*, 463 Mich 111, 119; 614 NW2d 873 (2000).

A public body may claim a partial or total exemption from disclosure for the reasons listed in MCL 15.243. *Federated Publications, Inc v Lansing*, 467 Mich 98, 102; 649 NW2d 383 (2002), mod on other grounds in *Herald Co*, 475 Mich 463 (2006). MCL 15.243(1)(d) provides an exemption from disclosure for "[r]ecords or information specifically described and exempted from disclosure by statute." The burden of proving that an exemption applies rests with the public body asserting the exemption. *Rataj v City of Romulus,* 306 Mich App 735, 749; 858 NW2d 116 (2014). When a public body specifically invokes MCL 15.243(1)(d), "it is necessary to examine the statute under which the public body claims disclosure is prohibited." *MLive Media Group v Grand Rapids*, 321 Mich App 263, 270; 909 NW2d 282 (2017).

Moving outside the FOIA, we note that MCL 28.425e(1) requires the Department to "create and maintain a computerized database of individuals who apply . . . for a license to carry a concealed pistol." Under MCL 28.425e(4)(a), the concealed pistol (CPL) database can only be accessed through or via the LEIN "or another system that maintains a record of the requester's identity, time, and date that the request was made."[3] Furthermore, to make a query of an individual listed in the CPL database, MCL 28.425e(4)(b) requires the requesting party to identify one of the lawful purposes for doing so set forth in MCL 28.421b(2). MCL 28.421b provides, in relevant part, as follows:

> (1) Firearms records are confidential, are not subject to disclosure under the freedom of information act, . . . and shall not be disclosed to any person, except as otherwise provided by this section.

> (2) Firearms records may only be accessed and disclosed by a peace officer or authorized system user for the following purposes:

> (a) The individual whose firearms records are the subject of disclosure poses a threat to himself or herself or other individuals, including a peace officer.

> (b) The individual whose firearms records are the subject of disclosure has committed an offense with a pistol that violates a law of this state, another state, or the United States.

> (c) The pistol that is the subject of the firearms records search may have been used during the commission of an offense that violates a law of this state, another state, or the United States.

---

[3] As indicated in the record, one of the other pertinent systems, in addition to the LEIN, is the CPL program application.

(d) To ensure the safety of a peace officer.

(e) For purposes of this act.

(f) A peace officer or an authorized user has reason to believe that access to the firearms records is necessary within the commission of his or her lawful duties. The peace officer or authorized system user shall enter and record the specific reason in the system in accordance with the procedures in section 5e.

According to an affidavit submitted by Michigan State Police Field Support Section Manager Kevin Collins, the information MOCI requested "can only be accessed by a peace officer or authorized system user through either the LEIN or the CPL program application in the MiCJIN which is a web portal that provides secure access to a variety of law enforcement applications." MCL 28.214(5) governs the disclosure of information stored in the LEIN and other information systems maintained by the Michigan State Police, providing that "[a] person shall not disclose information . . . in a manner that is not authorized by law or rule." See also Mich Admin Code, R 28.5208(4) (information from the LEIN or other information systems shall generally not be disseminated to an unauthorized agency, entity, or person). We hold that the statutory disclosure exemption in MCL 28.214(5) regarding the LEIN and other information systems as applied to the FOIA exemption under MCL 15.243(1)(d) ultimately prohibits dissemination of the information sought by MOCI.

MOCI acknowledges that MCL 15.243(1)(d), which is part of the FOIA, provides a disclosure exemption for "[r]ecords or information specifically described and exempted from disclosure by statute[,]" and that MCL 28.214(5) bars a person from disclosing LEIN information "in a manner that is not authorized by law or rule." But MOCI argues that the FOIA itself constitutes an authorizing law for purposes of MCL 28.214(5); therefore, the requested information should have been disclosed or produced. We reject this circular reasoning. MCL 28.214(5) precludes a person from disclosing LEIN information unless authorized by law or rule, and MOCI fails to identify a specific FOIA provision that particularly authorizes disclosure of LEIN information. MOCI's general reference to the FOIA's being a pro-disclosure law is insufficient to qualify under MCL 28.214(5) as a law or rule that allows disclosure of LEIN information.

MOCI also argues that the FOIA exemption under MCL 15.243(1)(d) refers to information or records "specifically described" as exempted by a statute, but the provision in MCL 28.214(5) regarding a LEIN disclosure exemption is not a *specifically described* exemption and is instead a *broad* exemption covering all information in the LEIN. We find this argument unavailing. Simply put, LEIN information or records are specifically described as exempted from disclosure under MCL 28.214(5). The level of specificity in MCL 28.214(5) is adequate to fall within the FOIA exemption in MCL 15.243(1)(d). Subcategories of LEIN information did not have to be statutorily identified as being exempted before fitting the FOIA exemption in MCL 15.243(1)(d).

MOCI next contends that the information sought is not actually in the LEIN but is instead in "a non-LEIN database known as the CPL database." MOCI maintains that simply because the CPL database can be accessed by going through the LEIN does not somehow mean that the

requested information is exempt under the LEIN exemption.[4]  Our discussion above was couched in terms of the LEIN because of the manner in which MOCI framed its arguments, but our analysis is equally applicable to information systems aside from the LEIN.  The Criminal Justice Information Policy Council (the Council) is governed by the CJIS Policy Council Act, MCL 28.211 *et seq*.  See MCL 28.211a(a).  The Council was "created in the department of state police."  MCL 28.212(1).  And the Council was mandated to "[e]stablish policy and promulgate rules governing access, use, and disclosure of information in criminal justice information systems, including the [LEIN] . . . *and other information systems* related to criminal justice or law enforcement."  MCL 28.214(1)(a) (emphasis added).  The LEIN disclosure exemption in MCL 28.214(5) discussed above also encompasses other information systems, including the CPL program application.  Accordingly, in the face of MOCI's CPL-related argument, our position remains unchanged.  Additionally, as noted earlier, MCL 28.421b(1) specifically provides that firearm records are not subject to disclosure, even under the FOIA.

Further, as noted by the Court of Claims, this Court upheld a similar statutory restriction on information in *King,* 303 Mich App at 177-178.  In *King*, this Court concluded that because polygraph reports were exempt from disclosure under the Forensic Polygraph Examiners Act (FPEA), MCL 338.1701 *et seq.*, the reports were also exempt from disclosure under the FOIA.  *Id*.  This Court did not conclude that the FOIA was a law that authorized the information's disclosure; we instead concluded that the requested information was exempt from disclosure under MCL 15.243(1)(d).  *Id.* at 178.  Here, similar to the circumstances in *King*, the Court of Claims properly determined that the information MOCI requested was exempt from disclosure under the FOIA because of the statutory prohibition on disclosure of the information under MCL 28.214(5).

We affirm.  Having fully prevailed on appeal, the Department may tax costs under MCR 7.219.


/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ James Robert Redford

---

[4] In reviewing the record citation given by MOCI in support of its argument, we note the documentation discusses the CPL program application, not the CPL database.