# STATE OF MICHIGAN

# COURT OF APPEALS

SHANNON BITTERMAN,

FOR PUBLICATION
January 22, 2015
9:00 a.m.

Plaintiff/Appellant/Cross-Appellee,

v

No. 320984
Saginaw Circuit Court
LC No. 13-019395-CZ

VILLAGE OF OAKLEY,

Defendant/Appellee/Cross-
Appellant.

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

RIORDAN, J.

Plaintiff Shannon Bitterman appeals as of right the circuit court's order granting partial summary disposition in favor of defendant Village of Oakley (the Village) in this case brought under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. The Village cross appeals. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

On March 20, 2013, Bitterman made a two-part FOIA request to the Village, seeking records, documents, and information about Village police reservists from the previous three years. She also requested a copy of an audio recording from a September 13, 2011, Village council meeting. On March 21, 2013, the Village's clerk denied both requests, citing the civil litigation exemption, MCL15.243(1)(v). On April 3, 2013, Bitterman filed a complaint with the circuit court alleging that her requests were wrongfully denied. Bitterman also submitted a second FOIA request to the Village on April 3, 2013, requesting a list containing the names, full addresses, and telephone numbers of every donor of the Village of Oakley Police Donation fund for the previous five years. On April 8, 2013, the Village denied the request for donor information, citing the privacy exemption, MCL 15.243(1)(a). Bitterman amended her complaint to add allegations that the April 3rd FOIA request was wrongfully denied.

Subsequently, on April 19, 2013, the Village asserted an additional ground for denying Bitterman's request for information relating to the police reservists. It sent Bitterman a letter stating that it was denying her FOIA request because she failed to sufficiently identify the information she sought. The Village denied her request for the audio record of the council

-1-

meeting because the recording had been destroyed before Bitterman submitted her FOIA request, so it had no existing record in response.

The parties filed cross motions for summary disposition. In its motion, the Village argued that the information on the police reservists was exempt from disclosure because Bitterman's request was not specific, as it does not maintain a list of police reserves – active or inactive; that the disclosure of the police reservists are protected by numerous FOIA exemptions; and that the privacy exemption of MCL 15.243(1)(a) applies to Bitterman's request. Bitterman contended that the Village should not be able to assert the additional defenses listed in its April 19th letter in the trial court.

The circuit court ruled that the names, addresses, and telephone numbers of the donors to the police fund were exempt from disclosure under the privacy exemption, MCL 15.243(1)(a). Further, the court held that the names of *active* police reservists were exempt from disclosure pursuant to subsection (*viii*) of the law enforcement exemption, MCL 15.243(1)(s). However, the court held that the names of *inactive* police reservists were not exempt pursuant to either the law enforcement exemption or the privacy exemption, and ordered disclosure of the nonexempt information. Finally, the court held that the Village did not have to disclose the audio recording because it was not in existence at the time that Bitterman made her March 20 FOIA request.[1]

## II. MORE RECENT DEVELOPMENTS

On October 10, 2014, the circuit court issued an injunction prohibiting the Village's police department from operating.[2] Thus, in effect, all Village of Oakley Police Reservists now are inactive. Subsequently, on October 14, 2014, the Village Council ordered the release of the names of all police officers and reservists who have served the Village. At oral argument in this Court on October 15, 2014, Bitterman's counsel advised us of the recent developments. We then ordered supplemental briefing on the effect of those recent developments on this appeal.

In her supplemental brief, Bitterman argues that by deciding to release the names of the police reservists, the Village has waived its challenge to disclosure under the FOIA. She relies on the doctrine of public domain from federal freedom of information cases. The Village responds that the recent events are not relevant to the issue before this Court, *i.e.*, whether the Village lawfully refused to disclose the requested information on the basis of the cited exemptions. The Village maintains that this Court should review the circuit court's decision in light the information that was before it when it decided the issue. The Village also argues that the public domain doctrine does not apply because Bitterman has not shown that the information at issue has been preserved in a permanent public record.

---

[1] The parties have not appealed the court's order as it relates to the audio recording.

[2] The court's order was to be in effect until the swearing in and seating of the newly elected Village of Oakley Council, or further order of the court.

In *State News v Mich State Univ*, 481 Mich 692, 703; 753 NW2d 20 (2008), our Supreme Court explained:

> We agree with the Court of Appeals statement that "public bodies and trial courts can only make decisions on FOIA matters on the basis of the information that is before them at the time, and it is not the function of appellate courts to second-guess those decisions on the basis of information that later becomes available." We disagree, however, with the panel's further, contrary musings that the passage of time and subsequent events could negate the applicability of a FOIA exemption. Rather, we hold that unless the FOIA exemption provides otherwise, the appropriate time to measure whether a public record is exempt under a particular FOIA exemption is the time when the public body asserts the exemption.

> The denial of a FOIA request occurs at a definite point in time. The public body relies on the information available to it at that time to make a legal judgment whether the requested public record is fully or partially exempt from disclosure. The determinative legal question for a judicial body reviewing the denial is whether the public body erred because the FOIA exemption applied *when it denied the request*. Subsequent developments are irrelevant to that FOIA inquiry. There is no indication from the text of either the privacy or the law-enforcement-purposes exemption or from another, independent FOIA provision that the public body's assertion of a FOIA exemption may be reexamined by the circuit court or an appellate court while taking into consideration information not available to the public body when it denied the request. [*Id.* at 703-704 (footnotes omitted) (emphasis in original).]

In accordance with *State News*, we will not consider the fact that the Village police department's operations were halted and all of the police reservists became inactive, when evaluating the applicability of the relevant exemptions in this matter.

In addition, although our Supreme Court noted that the "release of the requested public record by the public body would render the FOIA appeal moot because there would no longer be a controversy requiring judicial resolution," *id*. at 704 n 25, the issue in this case is not moot because the parties' supplemental briefs indicate that despite the Village Council's decision to release the names of reservists, the names, in fact, have not been released to the public. Accordingly, notwithstanding the recent developments, we will address the arguments raised in the appeal and cross appeal.

### III. THE FREEDOM OF INFORMATION ACT

FOIA is written to provide to those who seek it " 'full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees' thereby allowing them to 'fully participate in the democratic process.' " *Amberg v City of Dearborn*, __Mich__; __NW2d__ (Docket No. 149242, issued December 16, 2014); slip op at 2, quoting MCL 15.231. Further, the preamble to the act, MCL 15.231, states that "[i]t is the public policy of this state that all persons are entitled to full and

complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process."

Except under certain specifically delineated exceptions, a person who " 'provid[es] a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record' is entitled 'to inspect, copy, or receive copies of the requested public record of the public body.' " *Amberg*, __Mich at__; slip op at 2, quoting MCL 15.233(1); see also *Coblentz v City of Novi*, 475 Mich 558, 573; 719 NW2d 73 (2006) ("a FOIA request must be fulfilled unless MCL 15.243 lists an applicable specific exemption.").

### A. THE VILLAGE'S ASSERTION OF NEW DEFENSES AFTER FIRST RESPONSE

Bitterman argues that the Village is estopped from raising any new defenses in support of its decision to deny her FOIA requests after it made its "final determination to deny the request" pursuant to MCL 15.235(4). This exact issue was addressed in *Stone Street Capital, Inc v Bureau of State Lottery*, 263 Mich App 683, 688 n 2; 689 NW2d 541 (2004), where we explained that "a public body may assert for the first time in the circuit court defenses not originally raised at the administrative level." Accordingly, Bitterman's argument is without merit.

### B. THE DONORS TO THE POLICE FUND

Bitterman next argues that the circuit court erred in finding that the names[3] of the donors to the police fund were exempt from disclosure. We review de novo a circuit court's legal determinations in a FOIA case. *King v Mich State Police*, 303 Mich App 162, 174; 841 NW2d 914 (2013). The court's factual findings are reviewed for clear error if a party challenges the underlying facts supporting the court's decision. *Id*. Discretionary determinations in a FOIA case are reviewed for an abuse of discretion. *Id*. at 175. "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*. Questions of statutory interpretation are reviewed de novo. *Id*.

The privacy exemption permits a public body to exempt from disclosure "[i]nformation of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." MCL 15.243(1)(a). The burden is on the public body to sustain "its decision to withhold the requested record from disclosure." *Mich Federation of Teachers & Sch Related Personnel, AFT, AFL-CIO v Univ of Mich*, 481 Mich 657, 665; 753 NW2d 28 (2008). A public body must first establish that the requested information is

---

[3] Although Bitterman sought disclosure of the donors' names, addresses, and telephone numbers, on appeal she argues that even if the addresses and telephone numbers are personal information exempt from disclosure under the privacy exemption, the names are not. See *Mich Federation of Teachers & Sch Related Personnel, AFT, AFL-CIO v Univ of Mich*, 481 Mich 657, 680; 753 NW2d 28 (2008) (home addresses and telephone numbers are personal information and not subject to disclosure).

"of a personal nature." *Id.* at 675. If the public body meets this burden, it also must show that the public disclosure "would constitute a clearly unwarranted invasion of an individual's privacy," *id.*, which is determined by balancing the public interest in disclosure—the core purpose of the FOIA—against the interest the Legislature intended the exemption to protect. *Mager v Dep't of State Police*, 460 Mich 134, 144-145; 595 NW2d 142 (1999).

"Under the first prong of the privacy exemption, information is 'of a personal nature' if it is 'intimate,' 'embarrassing,' 'private,' or 'confidential.' " *Rataj v City of Romulus*, ___ Mich App ___; ___ NW2d ___ (Docket No. 315669, issued September 23, 2014); slip op at 7. "In the absence of special circumstances . . . 'an individual's name is not [i]nformation of a personal nature' within the meaning of MCL 15.243(1)(a)." *Id.* at ___; slip op at 9 (brackets in original). The Village does not argue that the names of donors to the Village of Oakley Police Donation Fund for the past five years are intimate or embarrassing.

This Court's opinion in *Detroit Free Press Inc v City of Southfield*, 269 Mich App 275; 713 NW2d 28 (2005) is instructive. In that case, we held that:

> the names of pension recipients combined with their pension amounts is not information of a personal nature. The information does not solely relate to private assets or personal decisions. Rather, the pension amounts reflect specific governmental decisions regarding retirees' continuing compensation for public service. Therefore, the pension amounts are more comparable to public salaries than to private assets. . . . The precise manner of expenditure of public funds is simply not a private fact. [*Id.* at 282-283 (citations omitted).]

Here, the fact that the donors used private assets to contribute to the police fund does not necessarily make the information "of a personal nature." See *id.* at 283 ("Records are not automatically exempt under the FOIA merely because they contain information about private assets.") "[I]f private information is included in the records of a public body, the court must determine whether the information is exempt because it relates to an individual's 'private life' according to the community's standards, customs, and views." *Id.* Bitterman does not seek disclosure of the amount of each donor's contribution, only the names of the donors. Of added significance to this is that the private funds were donated for public use and, as Bitterman alleges, for the entitlement of being labeled a village police reservist. In addition, the record shows that donations to the police fund were not used solely to fund the police department. Village Council meeting minutes reflect that large amounts—$30,000, for example—have been transferred from the police fund to cover other governmental operating expenses. Thus, this case is distinguishable from *Clerical-Technical Union v Bd of Trustees of Mich State Univ*, 190 Mich App 300; 475 NW2d 373 (1991), in which the addresses of donors[4] to the university were kept anonymous since their donations were unrelated to how the university functioned as a public institution. Accordingly, in the instant case, we hold that the names of the donors are not information of a personal nature, and that, as a result, the privacy exemption in MCL 15.243(1)(a) does not exempt the information from disclosure.

---

[4] Donor names were not at issue on appeal.

Moreover, even if the information were of a personal nature, the Village cannot satisfy the second prong of the privacy exemption. The second prong of the provision considers whether public disclosure of the information "would constitute a clearly unwarranted invasion of an individual's privacy." *Rataj*, ___ Mich App at ___; slip op at 7; MCL 15.243(1)(a). In order to answer this question, the court must:

> balance the public interest in disclosure against the interest [the Legislature] intended the exemption to protect[.] . . . [T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government. [*Rataj*, ___ Mich App at ___; slip op at 7 (citations omitted) (alterations in original).]

We must ask "whether the requested information would shed light on the governmental agency's conduct or further the core purposes of the FOIA[.]" *Id*. at ___; slip op at 7 (quotation marks and citation omitted). " 'In all but a limited number of circumstances, the public's interest in governmental accountability prevails over an individual's, or a group of individuals', expectation of privacy.' " *Id*. at ___; slip op at 8, quoting *Practical Political Consulting v Secretary of State*, 287 Mich App 434, 464; 789 NW2d 178 (2010).

Standing alone, the names of donors to the police fund would not reveal useful information about the local government's conduct. But, Bitterman suspects a "pay to play" scheme exists, by which donors are allowed to become police reservists in exchange for their donations. When the names of persons in each group are cross-referenced, and the percentage of reservists who are also donors, or the percentage of donors who are also reservists, is determined, the information could shine light on the Village's method of selecting its police reservists and whether this is a "pay to play" situation, as Bitterman describes it. Again, the record contains evidence to support Bitterman's suspicions and those suspicions establish a legitimate public interest in the disclosure of the names.

The ratio of reservists to residents is striking—a town of 300 residents has 100 reserve police officers. Given this apparent imbalance, the Village's use of private citizens as reservists has sparked significant public interest about possible over-policing, or, perhaps, non-policing by the "reservists," and into the processes that lead to one being named a "reservist." These issues have been discussed in the mainstream media and on the internet for over a year. Further, Police Chief Robert Reznick admits that some of the donors are police reservists. In a September 11, 2013 MLive article, Chief Reznick was reported as having referred to the police department as " 'self-funded,' with donations from the reserve officers paying for equipment, community events, uniforms and more." Further, as discussed *supra*, the donations to the police fund are being used in large amounts—$30,000, for example—to fund village operations other than those connected to the police department.

The only potential harm to the donors that the Village identifies is that the release of their names "would leave these philanthropists vulnerable to unwanted solicitors." This risk, when weighed against the public's interest in knowing the sources of non-tax funds that support Village operations and the criteria by which reservists are chosen, does not outweigh disclosure. Further, disclosure of the names will serve a core FOIA purpose by facilitating the public's

access to information regarding the affairs of its local government. *Rataj*, __ Mich App at ___; slip op at 8 ("[W]e cannot hold our [police] officials accountable if we do not have the information upon which to evaluate their actions.") (quotation marks and citation omitted; alterations in original). Accordingly, the circuit court erred in concluding that the information was exempt under the privacy exemption in MCL 15.243(1)(a).

## C. IDENTITY OF THE POLICE RESERVISTS

The circuit court held that Bitterman's request sufficiently described the information she sought regarding the police reservists; that there were responsive records; that the law enforcement exemption in MCL 15.243(1)(s)(*viii*) applied to exempt the names of active police reservists; that MCL 15.243(1)(s)(*viii*) did not exempt the names of inactive police reservists; that the law enforcement exemption in MCL 15.243(1)(s)(*ix*) does not apply; and that the privacy exemption in MCL 15.243(1)(a) did not apply to shield the names of the inactive police reservists.

Bitterman argues that because the Village has the burden of proving the applicability of an exemption,[5] the Village's failure to adequately brief the applicability of the law enforcement exemption during the lower court proceedings was a permanent waiver of the issue. However, even if a party abandons an issue by failing to support it with sufficient authority, a reviewing court may nevertheless consider the issue. See *King*, 303 Mich App at 176. Here, since the circuit court reviewed this issue, it apparently concluded that the issue was adequately briefed. Moreover, our review of the Village's arguments that the law enforcement exemption applies show it put forth more than merely generic contentions. Instead, the Village's arguments were sufficient to "prime the pump" and allow consideration of the issue before the circuit court. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

### 1. VILLAGE CLAIM OF NO RESPONSIVE RECORDS

The Village contends that it has no obligation to furnish Bitterman with a copy of documents providing the names of inactive police reservists because no such documents exist. Under FOIA, the right to receive a copy of a public record is contingent upon the requester first providing a "written request that describes a public record sufficiently to enable the public body to find the public record." MCL 15.233(1); *Detroit Free Press*, 269 Mich App at 281.[6] "The request need not specifically describe the records containing the sought information; rather, a request for information contained in the records will suffice." *Id.* at 281. However, except in circumstances not applicable to this case, a public body is not required to compile, summarize, or create a report of information in response to a request, MCL 15.233(4), or to "create a new

---

[5] MCL 15.240(4) states that the public body bears the burden of proving the applicability of all exemptions to disclosure of public records.

[6] The FOIA defines a "public record" as "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." MCL 15.232(e).

public record[,]" MCL 15.233(5).  In other words, if the record requested does not exist, then the public body is under no obligation to scrutinize its existing records in order to create a responsive document.

The Village argues that compliance with Bitterman's request would require it to search all of its records in all of its departments in an effort to cull the existing information and compile it into a new record.  However, during discovery, the Village admitted that it likely had numerous documents containing the requested information.  Since those documents already exist, the Village is not being asked to create a new document or to compile, summarize, or create a report of the information.  Therefore, Village's argument that it would have to create a new record is dubious at best.

The Village need only produce copies of the *existing* responsive documents, such as copies of the reservist cards.  Additionally, even if the responsive documents contain exempt information, the FOIA statute provides that "the public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination and copying." MCL 15.244(1).  Further, FOIA provides that "[a] public body may charge a fee for a public record search, the necessary copying of a public record for inspection, or for providing a copy of a public record."  MCL 15.234(1).  Thus, while a search for the requested information—which the Village admits it has in its public records—may be time consuming or costly, the Village can charge Bitterman a fee for the search within the limits of MCL 15.234.

## 2.  PERSONNEL PRIVACY & LAW ENFORCEMENT INVESTIGATIVE DOCUMENT EXEMPTION

The Village argues that the (1) the personnel privacy exemption in MCL 15.243(1)(a); and (2) the investigating records compiled for law enforcement purposes exemptions in MCL 15.243(1)(b)(*i*)-(*iii*) shield it from Bitterman's requests.

The Village cites only authority for the applicability of the personal privacy exemption, MCL 15.243(1)(a), and it gives scant attention to the investigative document exemptions. Further, the Village provides no supporting authority or legal analysis in support of the applicability of the investigative document exemptions, especially as to how those exemptions may relate to the inactive reserves.[7]  Accordingly, we hold that the Village has abandoned its

---

[7] The Village argues if the law enforcement exemption does not apply to shield the names of the inactive police reservists, *see infra*, the privacy exemption in MCL 15.243(1)(a) applies.  Again, the Village has the burden of establishing the exemption.  MCL 15.240(4).  In its brief in support of its motion for summary disposition, the entirety of the Village's argument that the privacy exemption applied consisted of quoting the operative language of the privacy exemption, but not citing the actual statutory provision.  Additionally, in its brief in reply to Bitterman's response to the Village's motion for summary disposition, the Village merely cited MCL 15.243(1)(a) without any accompanying legal analysis or citation to authority explaining how the exemption applied.  On these facts, the circuit court held that the Village had failed to adequately support its contention that the privacy exemption applied in lieu of the law enforcement privilege.  Because

argument that the names of the inactive police reservists are exempted from disclosure by the personnel privacy exemptions of MCL 15.243(1)(b), or by the investigative records exemptions of MCL 15.243(1)(s)(*i*)-(*vii*), (*ix*), or (*x*). *Mitcham*, 355 Mich at 203. Moreover, even if the issue has not been abandoned on appeal, the Village has failed to sustain its burden of proving the applicability of those exemptions in this case because it has offered no facts or legal analysis in support of its position. See MCL 15.243(4).

## D. APPLICABILITY OF THE LAW ENFORCEMENT EXEMPTION

The parties disagree factually about the applicability of the law enforcement exemption, MCL 15.243(1)(s)(*viii*), which provides:

> (1) A public body may exempt from disclosure as a public record under this act any of the following:

> * * *

> (s) Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a law enforcement agency, the release of which would do any of the following:

> * * *

> (*viii*) Identify or provide a means of identifying a person as a law enforcement officer, agent, or informant.

FOIA does not define the terms "law enforcement officer" or "law enforcement agent." See MCL 15.232. No appellate decision applying MCL 15.243(1)(s)(*viii*) has construed those terms. The question whether a reservist police officer (or voluntary police officer) is a law enforcement officer or agent for purposes of FOIA is an issue of first impression.

The primary goal of judicial interpretation of statutes is to discern and give effect to the intent of the Legislature by focusing first on the plain language of the statute. *Madugula v Taub,* 496 Mich 685, 696; 853 NW2d 75 (2014). This Court recently articulated the purpose of FOIA and principles of construction in *Rataj,* ___ Mich App at ___; slip op at 6:

> FOIA is a manifestation of this state's public policy favoring public access to government information, recognizing the need that citizens be informed as they participate in democratic governance, and the need that public officials be held accountable for the manner in which they perform their duties. Our Supreme Court has repeatedly described FOIA as a "prodisclosure statute," and this Court has held that FOIA's disclosure provisions must be interpreted broadly to ensure public access. [Citations omitted.]

---

the Village failed to carry its burden of proof, the circuit court did not err in holding that the names of the inactive police reservists were not exempt pursuant to the privacy exemption. See *Coblentz v City of Novi*, 475 Mich 558, 574; 719 NW2d 73 (2006).

"[E]ach FOIA exemption, by its plain language, advances a separate legislative policy choice." *Mich Fed of Teachers*, 481 Mich at 680 n 63. "Courts narrowly construe any claimed exemption and place the burden of proving its applicability on the public body asserting it." *Detroit Free Press*, 269 Mich App at 281. "Unless otherwise defined in the statute, or understood to have a technical or peculiar meaning in the law, every word or phrase of a statute will be given its plain and ordinary meaning." *Landry v City of Dearborn*, 259 Mich App 416, 421; 674 NW2d 697 (2003). "If a term used in a statute is undefined, a court may look to a dictionary for interpretive assistance." *Spartan Stores, Inc v City of Grand Rapids*, ___ Mich App ___; ___ NW2d ___ (Docket No. 314669, issued October 30, 2014); slip op at 6.

> *Black's Law Dictionary* defines "law enforcement officer" simply as
>
> A person whose duty is to enforce the laws and preserve the peace.—Sometimes shortened to *law officer*.—Also termed *law-enforcement agent*. See peace officer, sheriff. [*Black's Law Dictionary* (10th ed), p 1018.]

In *People v Bissonnette*, 327 Mich 349, 356; 42 NW2d 113 (1950), our Supreme Court accepted that the term peace officer,[8] "generally … includes sheriffs and their deputies, constables, marshals, members of the police force of cities, and other officers whose duty is to enforce and preserve the public peace." See also *Mich State Employees Assoc v Attorney General*, 197 Mich App 528, 530-531; 496 NW2d 370 (1993). On first blush, it appears as though a person given the title of "police reservist" satisfies the broad definition of law enforcement officer, or perhaps law enforcement agent, to the extent that persons given those titles often are charged with the duty of preserving the public peace. However, Bitterman alleges that the reservists are doing nothing more than participating in a "pay to play" scheme allowing them to use the title "police reservists" without actually doing any law enforcement related duties. In this case, there is nothing in the record showing whether the Village of Oakley's 100 police reservists ever engaged in anything that could be construed as enforcing laws or preserving the peace.

Because the record is devoid of anything concerning the Oakley reservists and their powers or duties relating to law enforcement or preserving the peace, we cannot properly resolve the issue of whether the Oakley reservists should be considered "law enforcement officers" for the purpose of a FOIA exemption. Therefore, we remand this issue for further development by the trial court.[9]

---

[8] The term "peace officer" often is used interchangeably with the term "law enforcement officer."

[9] The Village also contends that the disclosure of the police reservist names would implicate the reservists' privacy interests as they would be identified as owning and having permits to carry firearms. However, there is nothing in the record relating to when reservists carry firearms and whether such possession is pursuant to their status as private citizens or pursuant to their status as Oakley police reservists. Likewise, this issue should be more fully developed on remand.

## IV. ATTORNEY FEES

Finally, Bitterman correctly argues that she is entitled to attorney fees on appeal pursuant to MCL 15.240(6), which provides for the award of reasonable attorney fees, costs, and disbursements to a plaintiff who prevails in whole or in part on a FOIA action. The award of attorney fees can include appellate attorney fees if an appeal was necessary to compel disclosure of requested information. *Rataj*, ___ Mich App at ___; slip op at 10. We are mindful that pursuant to this opinion, Bitterman already has prevailed in part and is undoubtedly entitled to an appropriate portion of her attorney fees, costs, and disbursements pursuant to MCL 15.240(6). However, because remand is necessary to determine if the police reservists are law enforcement officer or agents within the meaning of MCL 15.243(1)(s)(*viii*), any award or determination of attorney fees would be premature at this point.

## V. CONCLUSION

We reverse the circuit court's grant of summary disposition in favor of the Village to the extent that the court declined to order disclosure of the names of the donors to the police fund. The circuit court erred as a matter of law by ruling that the information was exempt from disclosure under the FOIA.

We remand for further proceedings consistent with this opinion as to whether the police reservists qualify as law enforcement officers or agents within the meaning of MCL 15.243(1)(s)(*viii*).

Until the extent to which Bitterman has prevailed in this FOIA action is determined, it is premature to fully consider the appropriate attorney fees, costs, and disbursements she is entitled to under MCL 15.240(6).

In all other respects, we affirm the circuit court.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We retain jurisdiction. No taxable costs pursuant to MCR 7.219, no party having prevailed in full.

/s/ Michael J. Riordan
/s/ Patrick M. Meter

WHITBECK, J. did not participate.

# Court of Appeals, State of Michigan

# ORDER

Shannon Bitterman v Village of Oakley

Docket No. 320984

LC No. 13-019395-CZ

Patrick M. Meter
Presiding Judge

William C. Whitbeck

Michael J. Riordan
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we remand as to whether the police reservist qualify as law enforcement officers or agents within the meaning of MCL 15.243(1)(s)(*viii*). The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Whitbeck, J. not participating, having retired from the Court of Appeals effective November 21, 2014.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

JAN 2 2 2015

Date

Chief Clerk