*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASON GILLMAN JR,

      Plaintiff-Appellant,

v

KENT COUNTY HEALTH DEPARTMENT and
KENT COUNTY,

      Defendants-Appellees.

UNPUBLISHED
November 17, 2022

No. 360586
Kent Circuit Court
LC No. 20-008894-CZ

Before: SAWYER, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Jason Gillman Jr., appeals as of right the trial court's order granting summary disposition in favor of defendants, Kent County and Kent County Health Department, under MCR 2.116(C)(10). This case arises from defendants' handling of a request for public records submitted by plaintiff under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. Plaintiff argues that defendants did not have a valid basis for its delayed response to plaintiff's request because Executive Order No. 2020-38, which extended the relevant deadlines, did not have a proper statutory basis. Plaintiff also argues that the trial court erred by concluding that defendants' eventual response was compliant with FOIA. We affirm.

## I. BACKGROUND

The facts giving rise to this case transpired against the backdrop of the pandemic and the government's responses. In March 2020, Adam London—the Administrative Health Officer for Kent County's Health Department—filed a petition seeking the authority to detain individuals involuntarily who were deemed threats to public health; this order was subsequently granted. Plaintiff submitted two FOIA requests seeking various records pertaining to London's petition. In the first request, plaintiff sought, in addition to a copy of London's petition and the corresponding order, "[a]ll communications and responsive records relating to the petition." In the second request, plaintiff sought "communications to, with, and/or from the Kent County Circuit Court relating to the uses of the order petitioned for by Adam London." Plaintiff submitted his requests on April 18 and April 24, 2020, respectively. Defendants responded to each on May 13; they

-1-

provided copies of the petition and order, but the other requests were denied because, according to defendants, no responsive records existed.

Plaintiff sued defendants in the circuit court alleging that defendants violated FOIA by failing to conduct an adequate search for the records. In the denial notification, defendants asserted that London looked for responsive records by searching his Outlook sent items for emails sent to the judges or court administrators involved with the petition. Plaintiff also claimed that defendants violated FOIA by failing to respond timely to the requests. A public body is required to respond to a request for public records within five days, and it is undisputed that defendants failed to meet this deadline. Defendants nonetheless argued that they did not violate FOIA because, at the outset of the pandemic, Governor Gretchen Whitmer issued Executive Order No. 2020-38, which suspended strict compliance with the Freedom of Information Act and extended the relevant deadlines. Plaintiff responded that Executive Order 2020-38 was not a valid basis for failing to meet the deadlines because it lacked a proper statutory basis. The trial court disagreed and ultimately granted summary disposition in favor of defendants.

This appeal followed.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party. *West v Gen Motors Corp.*, 469 Mich 177, 183; 665 NW2d 468 (2003). Summary disposition should be granted under MCR 2.116(C)(10) when the evidence reveals no genuine issue of material fact. *Id*. "We review de novo the interpretation and application of a statute . . . ." *Boyle v Gen Motors Corp*, 468 Mich 226, 229; 661 NW2d 557 (2003). We likewise review "de novo a circuit court's legal determinations in a FOIA case." *Bitterman v Village of Oakley*, 309 Mich App 53, 61; 868 NW2d 642 (2015). "The court's factual findings are reviewed for clear error if a party challenges the underlying facts supporting the court's decision. Discretionary determinations in a FOIA case are reviewed for an abuse of discretion. A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*. (quotation marks and citations omitted).

### B. EXECUTIVE ORDER NO. 2020-38

Plaintiff argues that the extended deadlines provided by Executive Order No. 2020-38 did not provide defendants with a valid basis for failing to comply with FOIA's deadlines because Governor Whitmer did not have a valid statutory basis for issuing this order.

A public body generally must respond to a FOIA request within five business days, and an intentional failure to comply with this deadline is treated as a final determination to deny the request. MCL 15.235(2), (3)(a). In this case, plaintiff submitted his requests on April 18 and April 24, 2020, and defendants responded to each on May 13. It is undisputed that this timeframe was not compliant with Section 2 of FOIA and that this noncompliance was intentional. Therefore, if FOIA was to control the issue independent of executive action, defendants' failure to respond timely would constitute a final denial of the requests. MCL 15.235(3)(a). This final denial would confer upon plaintiff the right to commence a civil action against defendants, and this civil action

could subject defendants, in conjunction with other remedies, to a $1,000 civil fine. MCL 15.240(1)(b), (6), (7).

While it is undisputed that defendants did not comply with the timeframes laid out by FOIA, it is likewise undisputed that defendants did comply with the modified timeframes provided by Executive Order No. 2020-38. Under this order, the deadline to respond to a request was extended to 10 days, and public bodies were authorized to issue a notice "extending the period of time in which to respond for as long as the public body deems necessary" before the expiration of the order. Executive Order No. 2020-38(1). Additionally, to the extent that compliance with a request required "in-person efforts," the public body was authorized to "defer that portion of the request until the expiration of this order or any order that follows from it." Executive Order No. 2020-38(2)(a). Plaintiff argues that this executive order cannot shield defendants from liability because Governor Whitmer did not have the statutory authority to issue it.

Defendants argue and the trial court held that defendants reasonably relied on Executive Order 2020-38 because it was effective at the time of plaintiff's request. For plaintiff to prevail, this Court would need to hold not only that Governor Whitmer lacked statutory authority to issue Executive Order No. 2020-38; it would also need to apply this holding retroactively. "It is well established that the general rule is that judicial decisions are to be given complete retroactive effect." *League of Women Voters of Mich v Secretary of State*, 508 Mich 520, 564; 975 NW2d 840 (2022) (quotation marks and citation omitted). "However, where injustice might result from full retroactivity, this Court has adopted a more flexible approach, giving holdings limited retroactive or prospective effect. This flexibility is intended to accomplish the 'maximum of justice' under varied circumstances." *Lindsey v Harper Hosp*, 455 Mich 56, 68; 564 NW2d 861 (1997).

As the United States Court of Appeals for the Sixth Circuit has recently observed, our Supreme Court's holding in 2020 that Governor Whitmer's executive orders were invalid beyond April 30 of that year was intended to apply prospectively. See *Skatemore, Inc v Whitmer*, 40 F4th 727, 736 (2022) ("Plaintiffs ask us to construe the Michigan Supreme Court's holding as retroactively stripping Governor Whitmer of any authority she had; however, the opinion actually suggests the holding was merely prospective."). Our Supreme Court explained that "the executive orders issued by the Governor in response to the COVID-19 pandemic *now lack* any basis under Michigan law." *In re Certified Questions From US Dist Court, Western Dist of Mich, Southern Div*, 506 Mich 332, 338; 958 NW2d 1 (2020). The Supreme Court also said that "the [statute] cannot *continue* to provide a basis for the Governor to exercise emergency powers." *Id*. at 385 (emphasis added). At the time of defendants' responses, they acted timely under then-existing law. Although that law was later held to be without proper authority, our Supreme Court has made it clear that courts are not to undo or unravel those then-permissible acts of a local official. If our Supreme Court disagrees, it will need to revisit and clarify the matter.

## C. ADEQUACY OF DEFENDANTS' FOIA RESPONSES

Plaintiff's argument that defendants' eventual responses to his FOIA requests were inadequate is similarly without merit.

Section 3 of FOIA provides in relevant part:

Except as expressly provided in section 13, upon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body. . . . [MCL 15.233(1).]

Between his two requests, plaintiff requested the following records: "All communications and responsive records" pertaining to the petition filed by Adam London; all communications between defendants and the Kent Circuit Court pertaining to the uses of the order obtained as a result of London's petition; a copy of the petition; and a copy of the order granting the petition. The latter two requests were granted and the documents were provided to plaintiff; the former requests were denied because, according to defendants, no such records existed. Plaintiff argues that defendants failed to undertake an adequate search for the records; the responses sent to plaintiff stated that Adam London searched his Outlook email account for emails sent to the judge or the court administrator pertaining to the petition. Plaintiff contends that responsive records existed and would have been located had a thorough search been performed.

The trial court was presented with evidence that records which would be responsive to plaintiff's requests did not exist, and "[i]f a record does not exist, it cannot be produced." *Coblentz v Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006). Both of the May 13, 2020 responses to plaintiff's FOIA requests stated that there were no records in existence that were responsive to his requests. Moreover, multiple county employees submitted affidavits in which they swore that there existed no records consistent with plaintiff's description. Plaintiff produced no evidence before the trial court purporting to refute these assertions; indeed, plaintiff did not seek to depose the two affiants to press them on the assertions that the records did not exist.

Mere speculation that records exist is insufficient to defeat a motion for summary disposition. For example, in *Coblentz*, the plaintiffs were seeking site plans for a construction project, and the defendant produced an affidavit from mayor of the city of Novi stating that site plans had not been submitted to the city. *Coblentz*, 475 Mich at 569-570. The Supreme Court held that "[w]ithout factual support to contradict [the mayor's] affidavit, the trial court properly granted summary disposition pursuant to MCR 2.116(C)(10)." *Id*. at 570. Here, defendants submitted evidence that the records sought did not exist, and plaintiff failed to produce evidence to the contrary, which was his burden to do under MCR 2.116(C)(10). *Id*. Therefore, the trial court properly granted defendants' motion for summary disposition.

Now, for the first time on appeal, plaintiff cites records produced in response to a different FOIA request in support of his assertion that responsive records exist. Parties, however, are not permitted to expand the record on appeal. *Lamkin v Engram*, 295 Mich App 701, 703 n 2; 815 NW2d 793 (2012). Moreover, this Court previously rejected plaintiff's motion to expand the record so that these documents could be considered. *Gillman v Kent Co Health Dep't*, unpublished order of the Court of appeals, entered July 11, 2022 (Docket No. 360586).

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle