*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN RECORD COMPANY,

      Plaintiff-Appellant,

v

DEPARTMENT OF STATE POLICE,

      Defendant-Appellee.

UNPUBLISHED
August 17, 2023

No. 363736
Court of Claims
LC No. 22-000036-MZ

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

In this action under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, plaintiff, Michigan Record Company (MRC), appeals as of right the Court of Claims' order denying plaintiff's motion for summary disposition under MCR 2.116(C)(10) and instead granting defendant's motion for summary disposition under MCR 2.116(I)(2). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On February 28, 2022, plaintiff e-mailed and delivered via regular mail to defendant a FOIA request that stated, in part:

> In accordance with the Michigan Freedom of Information Act, MCL 15.231 *et seq*, I am formally requesting the following information, which I believe is used by, in the possession of, or under the control of your governmental/public body:
>
> *Any and all records, information and/or communication regarding police reports, dash or bodycam footage and/or recordings, and other documents or electronic communications dealing with Justin Ernst of Decatur, Michigan during September and October of 2021*[.]
>
> I am also requesting a copy of all FOIA procedures and guidelines and the written public summary with your response, as required to be provided free pursuant to MCL 15.234.

-1-

Plaintiff further stated in the request: "I am willing to pay reasonable fees for the fulfillment of this request. However, if the cost of locating and copying the information exceeds $10.00, please contact me before proceeding."

On March 22, 2022, after plaintiff did not receive a response from defendant, plaintiff filed a two-count complaint against defendant for violating the requirements of the FOIA. Defendant explained in a motion for summary disposition that it had no record of receiving plaintiff's alleged FOIA request. Defendant included an affidavit of its Section Manager of the Records Resource Section, Lori M. Hinkley, who stated that she searched for the alleged FOIA request submitted by plaintiff and concluded that defendant "has no record of receiving what Plaintiff identifies in its complaint as a FOIA request" via e-mail or mail. Next, on May 18, 2022, the Court of Claims ordered defendant "to respond to the FOIA request in accordance with the time limitations and other requirements of FOIA, as measured from the date on which this order is entered." However, unbeknownst to the court when it issued its order, defendant had apparently "found" plaintiff's request and issued a written response on April 29, 2022, to plaintiff's FOIA request. Defendant's response stated, in relevant part:

> Your request is granted as to existing, non-exempt records in the possession of the MSP that fall within the scope of your request. To process your request, the MSP estimates a FOIA processing fee of $70.67 to search for, retrieve, review, examine, and separate exempt material, if any.
>
> * * *
>
> As set forth under section 4(14) of the FOIA, MCL 15.234(14), if a fee appeal has not been filed under section 10a of the FOIA, MCL 15.240a, the MSP must receive the required deposit within 45 days after your statutorily-determined receipt of this notice, which is June 16, 2022, otherwise the FOIA request will be considered abandoned, and the MSP will not be required to fulfill the request.
>
> Upon receipt of the deposit, the MSP will complete the processing of your request. You will be notified of the balance due before release of the records, and of the statutory basis for the exemption of any records or portions of records, and of your statutory remedial rights, if applicable. The MSP estimates a processing time of two business days after receipt of payment.

The parties informed the court of defendant's written response to plaintiff's FOIA request via a joint motion filed by the parties on May 25, 2022. It is undisputed that plaintiff did not pay or appeal the requested good-faith deposit.

On August 12, 2022, plaintiff filed a motion for summary disposition under MCR 2.116(C)(10). Plaintiff argued that defendant's response to plaintiff's FOIA request was improper; that defendant could not assess a fee for the request because it did not result in unreasonably high costs to defendant, which plaintiff alleged had "a nearly $1 billion budget;" and that *Arabo* did not apply to this case because it was decided under a version of the FOIA that has since been amended. Defendant responded to plaintiff's motion, arguing that the court should deny plaintiff's motion and instead enter summary disposition for defendant under MCR 2.116(I)(2). Defendant argued

that the court lacked subject-matter jurisdiction because plaintiff failed to pay the good-faith deposit or appeal the assessed fee within 45 days as required by MCL 15.234(14).

The Court of Claims concluded that it lacked subject-matter jurisdiction to decide the merits of plaintiff's FOIA claim stating:

> As discussed below, the issue whether the MSP's April 29, 2022, letter constituted a "final decision" of plaintiff's FOIA request hinges on whether plaintiff was required to pay the deposit (or challenge the fee) before the MSP provided a final decision. So the Court will consider whether the April 29, 2022 response was a "final decision" in the context of deciding whether plaintiff properly and timely challenged the fee request.

The court found this case to fall "squarely" within this Court's holding in *Arabo*, explaining:

> Before providing a final decision that addressed any FOIA exemptions, the MSP informed plaintiff that it would need to pay a deposit. The MSP provided a detailed itemization of the fee, provided an estimated time frame to fulfill the FOIA request, and instructed plaintiff to pay the deposit or appeal the fee within 45 days (or by June 16, 2022). Like the agency in *Arabo*, the MSP stood ready to process the FOIA request and issue its final decision regarding the FOIA exemptions upon payment of the required deposit. See *Arabo*, 310 Mich App at 388-389. So the MSP complied with its obligations under FOIA and in this Court's May 18, 2022, order when it issued the April 29, 2022, response letter.
>
> But plaintiff did not pay the deposit or challenge the amount of the fee in an appeal to the head of the agency (or in this Court) within the 45-day time frame. Instead, plaintiff first challenged the reasonableness of the fee in its motion for summary disposition nearly four months after receipt of the MSP's letter. Plaintiff does not explain why it did not appeal the fee to the agency or in this Court (such as through a motion to amend the complaint) within 45 days of receipt. The Court declines to consider plaintiff's untimely (and unpleaded) challenge to the MSP's fee assessment. Because plaintiff did not challenge the fee within 45 days, it abandoned its FOIA request. See MCL 15.234(14). The MSP, therefore, never issued a final determination for this Court's review. See MCL 15.235(8) and MCL 15.240(1). Accordingly, the Court lacks jurisdiction to decide the merits of plaintiff's FOIA claim, and the MSP is entitled to summary disposition.

This appeal followed.

## II. ANALYSIS

Plaintiff argues that defendant's response to plaintiff's FOIA request was improper under *King v Mich State Police Dep't*, 303 Mich App 162; 841 NW2d 914 (2013); that *Arabo* was an inappropriate precedent for the Court of Claims to base its decision upon; and that a request for a deposit does not automatically constitute a condition precedent to a public body making its final determination. Plaintiff further argues that the Court of Claims should have issued an order to

compel production of all the records that defendant has in its possession that do not have any basis for an exemption.

This Court reviews a trial court's ruling on a motion for summary disposition de novo. *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 550; 909 NW2d 495 (2017). Statutory interpretation is an issue of law that is also reviewed de novo. *People v Morey*, 461 Mich 325, 329; 603 NW2d 250 (1999). Under MCR 2.116(I)(2), "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." *Aguirre v Michigan*, 315 Mich App 706, 713; 891 NW2d 516 (2016). "The trial court appropriately grants summary disposition to the opposing party under MCR 2.116(I)(2) when it appears to the court that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Allstate*, 321 Mich App at 552, quoting *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 658; 651 NW2d 458 (2002).

"Michigan's FOIA grants the public an opportunity to examine and review the workings of government and its executive officials." *Hjerstedt v Sault Ste Marie*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358803); slip op at 4. The FOIA provides that all persons, unless incarcerated, "are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act." MCL 15.231(2). The statute further provides:

> Except as expressly provided in [MCL 15.243[1]], upon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body. [MCL 15.233(1).]

Under MCL 15.235(2), "a public body shall, subject to [MCL 15.235(10)], respond to a request for a public record within 5 business days after the public body receives the request by" granting the request, issuing a written notice to the requesting person denying the request, granting the request in part and issuing a written notice denying the request in part, or issuing a notice extending the response time by 10 days. See also *Arabo*, 310 Mich App at 380. The failure to respond to a request within the required number of business days, or the denial of a request in part or in whole, constitute a "final determination" as to the FOIA request. See MCL 15.235(3); MCL 14.235(5). MCL 15.240(1) provides:

> If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:

> (a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.

---

[1] MCL 15.243 addresses what types of records a "public body may exempt from disclosure as a public record" under the FOIA. See MCL 15.243(1).

(b) Commence a civil action in the circuit court, or if the decision of a state public body is at issue, the court of claims, to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request.

Additionally, "[a] public body may charge a fee for a public record search, for the necessary copying of a public record for inspection, or for providing a copy of a public record if it has established, makes publicly available, and follows procedures and guidelines to implement this section as described in [MCL 15.234(4)]." "[T]he public body may require a good-faith deposit from the person requesting information before providing the public records to the requestor if the entire fee estimate or charge authorized under this section exceeds $50.00, based on a good-faith calculation of the total fee." MCL 15.234(8). "If a public body requires a fee that exceeds the amount permitted under its publicly available procedures and guidelines or [MCL 15.234(4)], the requesting person may" submit a written appeal to the head of the public body if the public body provides for fee appeals or commence a civil action in the circuit court or the Court of Claims. MCL 15.240a(1). "The action must be filed within 45 days after receiving the notice of the required fee or a determination of an appeal to the head of a public body." MCL 15.240a(1). MCL 15.234(14) explains what happens if the person requesting records under the FOIA fails to pay the deposit required under MCL 15.234(8) and fails to appeal the required fee:

> If a deposit that is required under subsection (8) . . . is not received by the public body within 45 days from receipt by the requesting person of the notice that a deposit is required, and if the requesting person has not filed an appeal of the deposit amount pursuant to section 10a, the request shall be considered abandoned by the requesting person and the public body is no longer required to fulfill the request . . . .

In *Arabo*, 310 Mich App at 387, this Court concluded that "reading §§ 4 and 5 of the FOIA together to produce a harmonious and consistent enactment as a whole, the statutory scheme can be reasonably construed so as to obligate the public body to respond with its final determination in accordance with § 5(2) and (4) of the FOIA once the requester has paid the required deposit authorized under § 4(2) of the FOIA." As pointed out by the Court of Claims, MCL 15.234 and MCL 15.235 have both been amended multiple times since this Court decided A*rabo*.[2] However, comparing the current versions of MCL 15.234 and MCL 15.235 to the pre-2015 versions applied by this Court in *Arabo*, and reading the current versions together to produce a harmonious and consistent enactment as a whole, the statutory scheme may still be reasonably construed so as to obligate the public body to respond with its final determination in accordance with MCL 15.235(2) and MCL 15.234 of the FOIA *once the requestor has paid the required deposit authorized under* MCL 15.234(8) of the FOIA. See *Arabo*, 310 Mich App at 387. Therefore, we reject plaintiff's argument that amendments to the FOIA statute render *Arabo* inapplicable.

Here, the issue is whether defendant's April 29, 2022 response constituted a final determination under the FOIA. Defendant responded to plaintiff's FOIA request by stating: "Your request is granted as to *existing*, *non-exempt* records in the possession of the MSP that fall within

---

[2] See MCL 15.234, as amended by 1996 PA 553; MCL 15.235, as amended by 1996 PA 553.

the scope of your request." (Emphasis added.) Such a response did not constitute a grant of plaintiff's FOIA request, but rather was indicative, at least preliminarily, of a partial grant and partial denial. See *Arabo*, 310 Mich App at 386; *King*, 303 Mich App at 189-190. By itself, defendant's partial grant and partial denial would constitute a final determination under the FOIA. See MCL 14.235(5).

However, defendant's response also informed plaintiff that defendant was assessing a fee and requiring a deposit before processing plaintiff's request. Indeed, defendant's April 29, 2022 response stated, "*Upon receipt of the deposit, the MSP will complete the processing of your request*." (Emphasis added.) But plaintiff did not pay or challenge the deposit thereby negating defendant's obligation to make a final determination. See *Arabo*, 310 Mich App at 388, ("Accordingly, we hold that a final determination by the Board is a prerequisite to plaintiff's commencement of a cause of action to compel disclosure of the requested records…*but a final determination is not required until plaintiff has paid the deposit required by the Board*.") (Emphasis added.) Here, plaintiff's claim similarly rested on a contingent future event, i.e., the payment of the required deposit. See *id*. at 388-389. Having failed to either tender or challenge the deposit, summary disposition in favor of defendant was proper. See *id*. at 382.

Although plaintiff argues that *Arabo* is no longer applicable because of changes to the FOIA, the changes plaintiff refers to actually run counter to, rather than support, his arguments. The current version of the FOIA specifically provides that if a deposit required under MCL 15.234(8) "is not received by the public body within 45 days from receipt by the requesting person of the notice that a deposit is required, and if the requesting person has not filed an appeal of the deposit amount pursuant to [MCL 15.240a], the request shall be considered abandoned by the requesting person and the public body is no longer required to fulfill the request." MCL 15.234(14). Here, defendant notified plaintiff of the fee and good-faith deposit in defendant's April 29, 2022 response to plaintiff's FOIA request, and defendant informed plaintiff that defendant "must receive the required deposit within 45 days after your statutorily-determined receipt of this notice, which is June 16, 2022." Plaintiff did nothing in response. According to the available record, plaintiff did not even dispute the fee until it filed its August 12, 2022 motion for summary disposition. Accordingly, plaintiff abandoned its FOIA request. See MCL 15.234(14) Therefore, the Court of Claims lacked jurisdiction. See MCL 15.235(8); MCL 15.240(1).

Although plaintiff additionally argues that defendant's response to plaintiff's FOIA request constituted an improper *King* response, "*King* does not compel a different result." *Arabo*, 310 Mich App at 388. Additionally, we are not persuaded by plaintiff's reliance on *Tooles Contracting Group, LLC v Washtenaw Co Rd Comm*, unpublished per curiam opinion of the Court of Appeals, issued May 27, 2021 (Docket No. 354045),[3] because unlike defendant in this case, the public body in *Tooles* failed to respond to some of the plaintiff's FOIA requests and explicitly denied the existence of documents that fell within other requests made by the plaintiff. Furthermore, the

---

[3] Unpublished decisions are not precedentially binding. MCR 7.215(C)(1); *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004) particularly when there are published decisions directly on point.

public body in *Tooles* did not make payment of the deposit a prerequisite to its final determination. Therefore, *Tooles* is factually distinct from the instant case.

Plaintiff next argues that public bodies should be prevented from raising exemptions for the first time in the trial court and that this Court should reject the *Residential Ratepayer* doctrine that allows public bodies to raise new exemptions for the first time in the Court of Claims. This is not the first time plaintiff's counsel has made this argument and it is also not the first time that plaintiff's counsel failed to bring the issue to the attention of the Court of Claims, choosing instead to use the Court of Appeals as his court of first resort.

As indicated, plaintiff failed to raise this issue in the Court of Claims and according to this Court's opinion in *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 623-624; 950 NW2d 484 (2019) failed to do so in that case:

> MOCI (Michigan Open Carry, Inc) argues *for the first time on appeal* that the Department waived its right to assert an exemption to the FOIA request in the Court of Claims by failing to claim an exemption as part of its final decision on MOCI's appeal within the Department. *Additionally, MOCI argues that the legal precedent allowing consideration of newly raised defenses and exemptions should be overturned. We disagree.*
> In *Residential Ratepayer Consortium v Pub Serv Comm #2*, 168 Mich App 476, 481; 425 NW2d 98 (1987), this Court concluded that the FOIA's "provision for de novo review in circuit court suggests that the [public body] does not waive defenses by failing to raise them at the administrative level." This proposition was later applied in *Stone St Capital, Inc v Bureau of State Lottery*, 263 Mich App 683, 688 n 2; 689 NW2d 541 (2004). Further, in *Bitterman v Village of Oakley*, 309 Mich App 53, 60; 868 NW2d 642 (2015),[4] the FOIA requester argued that a public body should be "estopped from raising any new defenses in support of its decision to deny her FOIA requests after it made its 'final determination to deny the request[.]" This Court determined, however, that the argument was "without merit" because the "exact issue" had already been addressed in *Stone St Capital* when this Court reaffirmed that a public body can assert defenses in the circuit court despite their not being raised at the administrative level. *Id.* at 61… *Bitterman* and *Stone St* remain binding precedent that a public body may assert defenses or exemptions for the first time in the circuit court or Court of Claims. We decline to request the convening of a special panel to create a conflict with the existing binding precedent. (Emphasis added.) *Id.*

We additionally note from our opinion in *Mich Open Carry* that the current appeal is also, at a minimum, the second time that plaintiff's counsel has requested that this Court abandon our prior ruling in *Residential Ratepayer Consortium*. Again, we decline to do so. Thus, even presuming plaintiff had preserved this issue for appeal, we find no clear rationale to award him relief.

---

[4] Plaintiff's counsel was also counsel of record in *Bitterman*.

Affirmed.  Defendant having prevailed in full is entitled to costs.  MCR 7.219.


/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Sima G. Patel