*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICIA LESKO,

        Plaintiff-Appellee,

v

WASHTENAW COUNTY,

        Defendant-Appellant.

UNPUBLISHED
September 10, 2025
10:16 AM

No. 373710
Washtenaw Circuit Court
LC No. 24-000707-CZ

Before: GARRETT, P.J., and RICK and FEENEY, JJ.

PER CURIAM.

Plaintiff, Patricia Lesko, filed a request with defendant, Washtenaw County (the County), seeking information under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. Lesko sought documents pertaining to the County's background check of a law enforcement officer who was later charged with several counts of first-degree criminal sexual conduct. Lesko filed this action after the County refused to provide the requested documents. The County appeals by right the trial court's order granting in part Lesko's FOIA request. Because this appeal is moot, the County having inadvertently provided Lesko with the relevant documents, we affirm.

## I. BACKGROUND

Lesko is an investigative journalist. She filed a FOIA request with the County seeking documents concerning the County's background check of D'Angelo McWilliams, a former law enforcement officer. McWilliams applied for employment with the County as a deputy sheriff. The County conducted a background check relative to his application. The Washtenaw County Sheriff's Office hired McWilliams, but he was later charged with several counts of first-degree criminal sexual conduct and other offenses. Lesko theorized that McWilliams was under investigation for the charged offenses at the time that the Sheriff's Office hired him.

The County's FOIA coordinator denied Lesko's request, explaining that the record was exempt from disclosure under MCL 15.243(1)(a) ("[i]nformation of a personal nature") and MCL 15.243(1)(s)(*ix*) ("personnel records of law enforcement agencies"). The coordinator also asserted that the public's interest in the information did not outweigh McWilliams's privacy interests. Lesko appealed the denial to the county administrator, who affirmed the denial, stating

"the privacy of Mr. McWilliams outweighs the public's interest in release" of the information. The county administrator further stated that law enforcement agency applicants are informed that their application materials, including background investigation records, are confidential.

Lesko filed this action against the County to compel disclosure of the documents sought. The County moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim), arguing that it properly denied Lesko's FOIA request. At the hearing on the motion, the trial court stated that it would review the background-check record *in camera* and determine whether the public's interest in disclosure outweighed McWilliams's privacy interest in nondisclosure. After conducting its review, the court ordered the County to provide six pages of the record, redacting "any other person's name except D'Angelo McWilliams." The court determined that the public's interest in disclosure outweighed McWilliams's privacy considerations and that disclosure did not constitute a clearly unwarranted invasion of McWilliams's privacy. The court reasoned that McWilliams's privacy considerations had been "so diminished" as a result of the criminal charges and media coverage that his privacy interest was limited to "all other information, not of a sexual nature." In that regard, the court did not require the County to produce the other 21 pages of the record.

The County moved for reconsideration or, alternatively, to stay proceedings pending appeal. The trial court denied reconsideration and scheduled a hearing on the request for a stay. The court ordered that the County was not required to turn over the six pages of the background check before the hearing on its request for a stay. The County then filed this appeal.

Thereafter, Lesko informed the trial court that the County had attached to its motion for reconsideration largely unredacted copies of the six pages of McWilliams's background check that the court had ordered the County to produce.[1] Lesko asserted that her dispute with the County was moot because she obtained the information she sought. The County moved to correct its clerical mistake, claiming that it had inadvertently attached the six pages of McWilliams's background check to its motion. The trial court denied the County's motion for stay, ruling that the motion was moot because Lesko had the information she sought. In a separate order, the court granted the County's motion to correct its clerical error.

## II. STANDARDS OF REVIEW

"We review de novo a circuit court's legal determinations in a FOIA case." *Bitterman v Oakley*, 309 Mich App 53, 61; 868 NW2d 642 (2015). We review for clear error the court's factual findings supporting its decision. *Id*. A court clearly errs if we are "left with a definite and firm conviction that a mistake has been made." *Massey v Mandell*, 462 Mich 375, 379; 614 NW2d 70 (2000). We review for an abuse of discretion the trial court's discretionary determinations in a FOIA case." *Bitterman*, 309 Mich App at 61. "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *Id*. (quotation marks and citation omitted).

---

[1] Lesko maintained that the redacted information primarily pertained to names and details that were unredacted, and therefore available, in McWilliams's public criminal case file.

"Whether an issue is moot is a question of law that this Court reviews de novo." *1373 Moulin, LLC v Wolf*, 341 Mich App 652, 660; 992 NW2d 314 (2022)

III. ANALYSIS

MCL 15.231(2) of the FOIA provides, in relevant part:

> It is the public policy of this state that all persons, except those persons incarcerated in state or local correctional facilities, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process.

"FOIA is a manifestation of this state's public policy favoring public access to government information, recognizing the need that citizens be informed as they participate in democratic governance, and the need that public officials be held accountable for the manner in which they perform their duties." *Rataj v City of Romulus*, 306 Mich App 735, 748; 858 NW2d 116 (2014) (quotation marks and citation omitted). The FOIA is regarded "as a prodisclosure statute." *Id*. (quotation marks and citation omitted). As such, MCL 15.233(1) states that "upon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body." MCL 15.243 contains exemptions to the duty to disclose, but the exemptions must be construed narrowly. *Rataj*, 306 Mich App at 748-749. "[A] public body must disclose all public records that are not specifically exempt under the act." *Hopkins v Duncan Twp*, 294 Mich App 401, 409; 812 NW2d 27 (2011).

"The denial of a FOIA request occurs at a definite point in time." *State News v Mich State Univ*, 481 Mich 692, 703; 753 NW2d 20 (2008). Therefore, unless the FOIA provides otherwise, "the appropriate time to measure whether a public record is exempt under a particular FOIA exemption is the time when the public body asserts the exemption." *Id*. The public body's disclosure of the requested record, however, renders a FOIA appeal moot because it eliminates the controversy requiring judicial resolution. *Id*. at 704 n 25. A claim is moot when "an event has occurred that renders it impossible for the court to grant relief." *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014) (quotation marks and citation omitted). "An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Id.* (quotation marks and citation omitted). "As a general rule, this Court will not entertain moot issues or decide moot cases." *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018) (quotation marks, brackets, and citation omitted).

The County argues that this case is not moot because we are able to correct the trial court's legal conclusions, which the County asserts were erroneous. We conclude that the County's disclosure of the six, largely unredacted pages of McWilliams's background check rendered the dispute moot. In her complaint, Lesko sought an order requiring the County to immediately disclose the requested record. The County inadvertently did so when it moved for reconsideration in the trial court. The trial court noted that, after the inadvertent disclosure, Lesko published a story concerning the contents of the disclosed record. Lesko asserts that the issue in this case is

now moot, and we agree. The inadvertent disclosure of the documents rendered the controversy moot because no controversy presently exists. See *Mich Chiropractic Council v Comm'r of Office of Fin & Ins Servs*, 475 Mich 363, 371 n 15; 716 NW2d 561 (2006) ("Mootness precludes the adjudication of a claim where the actual controversy no longer exists . . . .").

The County argues that, even if the issue is moot, we should decide the issue because it is one of public significance that is likely to recur, yet evade judicial review. See *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018) ("An otherwise moot issue may . . . appropriately be addressed by a court when there is a reasonable expectation that the publicly significant alleged wrong will recur yet escape judicial review . . . ."). The County maintains that the trial court's reasoning will require public bodies to produce confidential information regarding pre-employment activity contained in an employee's personnel records if the employee is later accused of a crime and the media covers the accusation. The County's argument is unavailing. The trial court's decision was limited to the parties before it and has no applicability to other public bodies and other FOIA requests. Further, if a similar issue occurs, the parties may then seek judicial review; nothing indicates that the issue is likely to evade such review.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Kathleen A. Feeney

-4-